Matter of Dozier (Commissioner of Labor) (2025 NY Slip Op 07047)

Matter of Dozier (Commissioner of Labor)

2025 NY Slip Op 07047

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-23-2049
[*1]In the Matter of the Claim of Gwendolyn Dozier, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 14, 2025

Before:Garry, P.J., Clark, Pritzker, Ceresia and Powers, JJ.

Gwendolyn Dozier, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
On September 16, 2021, claimant, a direct care specialist for youth, was given a written warning regarding her failures to provide negative COVID-19 test results at the beginning of her work week as required, and was advised that a failure to do so in the future could result in her termination. Claimant was subsequently out of work until October 3, 2021, and she was terminated after she failed to provide a negative test result on the day of her return. She was subsequently disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. An Administrative Law Judge sustained the determination following a remote hearing, and the Unemployment Insurance Appeal Board affirmed in July 2022. In May 2023, after granting claimant's application to reopen and reconsider the July 2022 decision and rescinding it, the Board again affirmed. Claimant appeals from the May 2023 decision.[FN1]
We affirm. "It is well settled that failure to abide by a known policy of the employer can constitute disqualifying misconduct" (Matter of Cunningham [Commissioner of Labor], 182 AD3d 887, 887 [3d Dept 2020] [internal quotation marks and citations omitted]). Claimant was aware that she had to provide proof of a negative COVID-19 test result at the beginning of her work week, and she testified that she was consistently tested and submitted the results to the employer via email or text message. Her program director testified and agreed that claimant always maintained that she had done so; her program director also testified, however, that most of those results were never received and that it had been made clear to claimant, first orally and eventually in the written warning, that she must provide the results upon the start of her work week or face discipline. Thereafter, claimant admittedly failed to get tested and provide the results on the day she returned to work in October 2021. Claimant's violation of the policy in October 2021, when coupled with her history of prior warnings, constitutes substantial evidence for the Board's determination that she was terminated for disqualifying misconduct (see Matter of Guess [Commissioner of Labor], 119 AD3d 1256, 1257 [3d Dept 2014]; Matter of Balay [Commissioner of Labor], 111 AD3d 1016, 1016 [3d Dept 2013]; Matter of Burt [Rapid Response Monitoring Servs., Inc.-Commissioner of Labor], 107 AD3d 1284, 1285 [3d Dept 2013]). Claimant's remaining arguments, to the extent that they are properly before us, have been examined and found lacking in merit.
Garry, P.J., Clark, Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant focuses her brief on a subsequent decision by the Board that denied her application to reopen and reconsider the May 2023 decision, but the record reflects that she did not appeal from that decision and that the only appeal that is properly before us is the one from the May 2023 decision. We limit our discussion to the May 2023 decision as a result (see e.g. Matter of Pastore [Commissioner of Labor], 120 AD3d 874, 875 [3d Dept 2014]).